United States District Court
Southern District of Texas
ENTERED
October 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MICHELLE SANDERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-3601 |
| | § | |
| ALDI (TEXAS), L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Michelle Sanders alleges that she slipped and fell on a coffee spill on the floor at an Aldi store in Texas. (Docket Entry No. 1-3 at 2). Aldi[1] has moved for summary judgment, arguing that that "the summary-judgment record contains no competent evidence establishing actual or constructive knowledge" and that Sanders has presented "no evidence showing how long the alleged substance or condition existed before the incident[;] that [Aldi] actually knew of it[;] that an employee created the condition[;] or that [Aldi] had a reasonable opportunity to discover and remedy it." (Docket Entry No. 23 at 2). Sanders has not responded. The motion is ready for a ruling.

Based on the pleadings, the motion, the record, and the applicable law, the court grants Aldi's summary-judgment motion, (Docket Entry No. 23). The reasons for this ruling are set out below.

## I. The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

[1] The court refers to Aldi (Texas), L.L.C., as Aldi.

*Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and pointing to record evidence demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also* FED. R. CIV. P. 56(c). "When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is a dispute of material fact warranting trial.'" *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration adopted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)).

"Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quotation marks and quoting reference omitted). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v.*

*Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quotation marks and quoting reference omitted). Rather, the nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [its] claim." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (alteration adopted) (quotation marks and quoting reference omitted). The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323.

## II. Analysis

### 1. The Negligence Claim

Sanders asserts a negligence claim against Aldi. (Docket Entry No. 1-3). In Texas, "a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citation omitted). "Although premises liability is itself a branch of negligence law, it is a 'special form' with different elements that define a property owner['s] or occupant's duty with respect to those who enter the property." *Id.* (citation omitted). Texas courts "have recognized that 'slip/trip-and-fall cases have consistently been treated as premises defect causes of action.'" *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017) (citation omitted); *see also Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 215 (Tex. 2015) ("[W]hen a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises-liability." (citations omitted)).

Sanders has not presented evidence that she "was injured by a[] contemporaneous activity . . . ." (Docket Entry No. 23 at 3). Sanders has neither refuted Aldi's argument nor provided facts

that warrant a contrary conclusion. *Compare* (Docket Entry No. 23), *with* (Docket Entry No. 1-3). Aldi is entitled to judgment as a matter of law on the negligence claim.

**2. The Premises-Liability Claim**

Sanders's claims are properly analyzed under Texas premises-liability law. Sanders's premises-liability claim fails as a matter of law because there is no genuine factual dispute material to an essential element of the claim. To avoid summary judgment on a premises liability claim, a plaintiff must raise a factual dispute as to the elements of the claim: "(1) [a]ctual or constructive knowledge of some condition on the premises by the owner/operator; (2) [t]hat the condition posed an unreasonable risk of harm; (3) [t]hat the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) [t]hat the owner/operator's failure to use such care proximately caused the plaintiff's injuries." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citations omitted).

Sanders's claim fails on the first element because she has presented no evidence to create a genuine factual dispute material to determining whether Aldi had actual or constructive notice of the coffee spill on the floor before Sanders fell. *See id.*; *H-E-B, LP v. Peterson*, 732 S.W.3d 541, 548 (Tex. 2026) ("Constructive knowledge of a dangerous condition requires evidence that the condition existed for a sufficient duration before the time and place of the injury for a premises owner to have discovered it."); *cf. id.* ("This record contains no evidence of how long the puddle existed before [the plaintiff] slipped on it; thus, the court of appeals erred in reversing summary judgment for HEB."); (Docket Entry Nos. 1-3, 23). The Texas Supreme Court has "repeatedly has rejected calls 'for a relaxed burden of proof in slip-and-fall cases when the evidence is scant.'" *See H-E-B, LP*, 732 S.W.3d at 548. Under the applicable law and the undisputed facts, Aldi is

entitled to judgment as a matter of law on the premises-liability claim. *See Celotex Corp.*, 477 U.S. at 323.

**3. The Gross-Negligence Claim**

"To recover for gross negligence in Texas, a plaintiff must satisfy the elements of an ordinary negligence or premises liability claim *and* demonstrate clear and convincing evidence of 'an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others.'" *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 n.2 (5th Cir. 2014) (per curiam) (emphasis in original) (citing *State v. Shumake*, 199 S.W.3d 279, 286 (Tex. 2006). Sanders's gross-negligence claim fails on two fronts. First, on the present record and briefs, Sanders has not satisfied the elements of an ordinary negligence claim or a premises-liability claim. *See id.* Second, Sanders has not presented competent summary-judgment evidence of "an act or omission involving subjective awareness of an extreme degree of risk, indicating conscious indifference to the rights, safety, or welfare of others." *See id.* Aldi is entitled to judgment as a matter of law on the gross-negligence claim.

## III. Conclusion

The court grants Aldi's summary-judgment motion, (Docket Entry No. 23). Final judgment will be separately entered.

SIGNED on October 26, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge